1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DON L. JEFFERSON,

11          Plaintiff,               No. CIV S-06-0299 DFL DAD P

12       vs.

13   JOHN, JANE DOE(S),

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  The proceeding was referred to the undersigned in accordance with Local Rule 72-302

19   and 28 U.S.C. § 636(b)(1).

20          The court is required to screen every complaint brought by a prisoner seeking

21   relief against a governmental entity or an officer or employee of a governmental entity.  See 28

22   U.S.C. § 1915A(a).  Pursuant to the screening requirement, the court must dismiss a prisoner's

23   claims if they are legally frivolous or malicious, fail to state a claim upon which relief may be

24   granted, or seek monetary relief from defendants who are immune from such relief.  28 U.S.C.

25   § 1915A(b)(1) and (2).  Similarly, when any plaintiff seeks leave to proceed in federal court in

26   forma pauperis, the court is required to dismiss the case if the court determines that the action is

1

1  frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

2  relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably

6  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

7  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

8  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

9  Franklin, 745 F.2d at 1227.

10         A claim should be dismissed for failure to state a claim upon which relief may be

11  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

12  that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.

13  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

14  complaint under this standard, the court will accept as true the allegations of the complaint.  See

15  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court will also

16  construe the pleading in the light most favorable to the plaintiff and resolve doubts in the

17  plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18         The Civil Rights Act under which this action was filed provides as follows:

19         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
20         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
21         law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the

23  defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

24  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

25         "A person 'subjects' another to the deprivation of a constitutional right, within the

26  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

3   personnel are generally not liable under § 1983 for the actions of their employees under a theory

4   of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

5   causal link between him and the claimed constitutional violation must be specifically alleged.

6   See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

7   (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

8   personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

9   266, 268 (9th Cir. 1982).

10          When plaintiff filed the present action, he was confined in the Sacramento County

11   Main Jail.  On June 30, 2006, plaintiff filed a notice of change of address to Deuel Vocational

12   Institution, and on September 6, 2006, he filed a notice of change of address to Folsom State

13   Prison.  Plaintiff has sued unnamed employees of the Sacramento County Main Jail on the basis

14   of the following allegations:  On January 3, 2006, plaintiff was assaulted by inmate Andre Winn

15   in the day room of the jail and suffered injuries to his head and neck; inmate Winn had a history

16   of violent outbursts and assaultive behavior and should have been properly evaluated and

17   interviewed by psychiatric, custody, and medical staff for appropriate housing; on January 8,

18   2006, plaintiff filed a grievance concerning defendants' negligence; jail staff responded to the

19   grievance, stating that inmate Winn was immediately removed from the area after the assault and

20   was rehoused on another floor; on February 3, 2006, inmate Winn was returned to plaintiff's

21   floor and to the same pod but a different cell; on February 5, 2006, inmate Winn assaulted

22   plaintiff a second time; plaintiff defended himself and then fled; officers handcuffed plaintiff and

23   relocated him to another pod on the same floor; plaintiff received a disciplinary report for the

24   incident; plaintiff suffered physical and emotional damage due to the negligence of staff.

25   (Compl. at 3-4.)

26   /////

3

1    In his prayer for relief, plaintiff seeks to hold defendants responsible for willful

2    negligence.  He reserves the right to name defendants when names become available, requests a

3    TRO for his own safety and to prevent reprisals, requests compensatory damages of $35,000

4    from each defendant along with court fees and costs, and asks the court to appoint counsel to

5    represent him.  (Id. at 3 & 5.)

6    The court has considered whether plaintiff's allegations state any federal claim on

7    which relief may be granted.  Under the Eighth Amendment, jails and prisons must provide

8    inmates with humane conditions and protect them from harm.  To state an Eighth Amendment

9    claim, a prisoner must allege facts showing that objectively he suffered a sufficiently serious

10   deprivation of his rights and that subjectively each defendant had a culpable state of mind when

11   he or she caused or allowed the serious deprivation of rights to occur.  Farmer v. Brennan, 511

12   U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Neither accident nor

13   negligence constitutes cruel and unusual punishment.  Whitley v. Albers, 475 U.S. 312, 319

14   (1986).

15   When an inmate alleges that staff failed to protect him from harm or otherwise

16   denied humane conditions of confinement, he must allege facts showing that each defendant

17   knew of and disregarded an excessive risk to his health or safety and deliberately subjected him

18   to a substantial risk of serious harm.  Farmer, 511 U.S. at 837.  The prisoner must be able to

19   show that each defendant was aware of facts from which the inference could be drawn that a

20   substantial risk of serious harm existed and that each defendant drew that inference at the

21   relevant time.  Id.

22   Plaintiff filed this action nine months ago but has not sought to amend his

23   complaint to name any defendant against whom he wishes to proceed.  Nor has he taken any

24   other steps to litigate his claims.  The present complaint is factually frivolous because plaintiff

25   has not named any defendant and provided that defendant with notice of the specific acts or

26   omissions that violated plaintiff's federal constitutional rights.  The present complaint is also

4

1  legally frivolous because plaintiff has alleged only negligence by jail staff.  Moreover, plaintiff

2  has alleged no facts that support a conclusion that any specific staff member knew of and

3  disregarded an excessive risk to plaintiff's safety prior to either assault.

4       In light of plaintiff's failure to name any defendants and his affirmative allegation

5  merely of staff negligence, it does not appear that plaintiff can amend his pleading to state an

6  Eighth Amendment claim against any defendant.[1]  Plaintiff's in forma pauperis application

7  should be denied and this action should be dismissed with prejudice.  See Coakley v. Murphy,

8  884 F.2d 1218, 1221-22 (9th Cir. 1989).

9       Accordingly, IT IS RECOMMENDED that:

10       1.  Plaintiff's February 13, 2006 application to proceed in forma pauperis be

11  denied; and

12       2.  This action be dismissed without prejudice for failure to state any claim upon

13  which relief may be granted.

14       These findings and recommendations will be submitted to the United States

15  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

16  twenty days after being served with these findings and recommendations, plaintiff may file

17  written objections with the court.  A document containing objections should be titled "Objections

18  to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

19  /////

20  /////

21

22  [1]  In this regard, the undersigned would also note that  plaintiff is no longer incarcerated at the Sacramento County Jail bu rather is now being held at the Deuel Vocational Institution.  Thus, it would appear to extremely unlikely that plaintiff would now be able to obtain information, if he is not already in possession of it, that would allow him cure these defects by alleging facts demonstrating that specific defendants took identified actions with the requisite state mind so as to state a cognizable Eighth Amendment claim.  If the undersigned is incorrect in this regard and plaintiff wishes to file an amended complaint, he may file objections to these findings and recommendations stating his desire to so proceed.  Of course, were leave to amend be granted, plaintiff's application to proceed in forma pauperis would be reconsidered and plaintiff would be required to make payments from his prison trust account until the filing fee was paid.

1    objections within the specified time may, under certain circumstances, waive the right to appeal

2    the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: November 16, 2006.

4

5                                 _____

6                               DALE A. DROZD

                               UNITED STATES MAGISTRATE JUDGE

7    DAD:13

     jeff0299.56

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26