IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON L. JEFFERSON,

    Plaintiff,                     No. CIV S-06-0299 RRB DAD P

   vs.

DEPUTY ROWE, et al.,

    Defendants.             <u>ORDER</u>

         Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a motion for leave to amend his complaint together with a proposed second amended complaint. Defendants have filed an opposition to the motion.

         In his motion, plaintiff explains that he filed his original complaint listing John Does as defendants and that he has since determined the identity of one of the John Does. Accordingly, plaintiff requests leave to amend his complaint for a second time to reflect that, in addition to the presently-named defendants, Sergeant Millican violated his Eighth and Fourteenth Amendment rights.

         In opposition, defendants contend that the operative pleading in this case, plaintiff's December 6, 2006 first amended complaint, names no John Doe defendants. In addition, defendants note that they filed an answer to plaintiff's first amended complaint on

1

March 20, 2007, and discovery has been ongoing since the court issued its discovery order on April 4, 2007. Defendants acknowledge that courts have interpreted Rule 15 with "extreme liberality," but contend that the court should not grant leave to amend automatically. Defendants argue that a trial court may deny a motion for leave to amend if permitting the amendment would prejudice the opposing party, produce an undue delay in the litigation, or if the proposed amendment would be futile due to lack of merit. Here, defendants contend that allowing the plaintiff to file a second amended complaint would result in prejudice to the defendants in the following three ways: (1) the burden of necessary additional discovery, (2) delay in the resolution of this action, and (3) prejudice to the new defendant who may have no notice or knowledge of the pending action.

Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a). A court should grant leave to amend freely when justice so requires. Id. The Supreme Court has instructed lower courts to heed carefully the command of Rule 15. See Foman v. Davis, 371 U.S. 178, 182 (1962). This liberality in granting leave to amend is not dependent on whether the amendment will add new parties. DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Rather, as the Supreme Court has articulated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. at 182. See also Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)

As defendants argue, and as the Ninth Circuit has recognized, amending a complaint to add a new party presents an acute threat of prejudice to that new party. DCD Programs, 833 F.2d at 187. However, where, as here, the case is still in the discovery stage and the court has not yet issued a scheduling order, it cannot be said that the new defendant would be

prejudiced by the delay in plaintiff's filing of his second amended complaint.  Moreover, there is no evidence in this case that plaintiff has an improper motive or has engaged in undue delay or dilatory conduct.  Although the addition of a new party may result in some additional discovery and may delay the final resolution of this action to some degree, plaintiff ought to be granted an opportunity to test his claims on the merits.  Foman, 371 U.S. at 182.  Accordingly, the court will grant plaintiff's motion for leave to amend and order the United States Marshal to serve the second amended complaint filed January 9, 2008, on Sergeant Millican.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's January 9, 2008 motion for leave to amend is granted;

2. Service of the second amended complaint is appropriate for defendant Millican.

3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the second amended complaint filed January 9, 2008.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

   a. The completed, signed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for the defendant listed in number 2 above; and

   d. Two copies of the endorsed complaint filed January 9, 2008.

5. Plaintiff shall not attempt to effect service of the complaint on the defendant or request a waiver of service of summons from the defendant.  Upon receipt of the above-described

/////

/////

/////

documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: March 6, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jeff0299.10mod

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON L. JEFFERSON,

        Plaintiff,                   No. CIV S-06-0299 RRB DAD P

    vs.

DEPUTY ROWE, et al.,           NOTICE OF SUBMISSION

        Defendants.             OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        ____ one completed summons form;

        ____ one completed USM-285 form; and

        ____ two true and exact copies of the amended complaint filed January 9, 2008.

DATED: _____.

                                                _____
                                                Plaintiff